UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CLARENCE HARRIS,

                              CASE NO.: 2:16-cv-158-WCO
                              **Jury Trial Demanded**

v.

GINNY'S, INC.,

    Defendant.
_____/

## COMPLAINT FOR DAMAGES

CLARENCE HARRIS files suit against GINNY'S, INC., and states as follows:

## NATURE OF ACTION

1. Plaintiff brings this action pursuant to 47 U.S.C. § 227 *et seq.*, the Telephone Consumer Protection Act ("TCPA"). Fundamentally, this case concerns the Defendant's refusal to respect Plaintiff's personal legal rights in its attempts to collect an alleged debt.

1

## JURISDICTION AND VENUE

2. Federal subject matter jurisdiction exists pursuant to 28 U.S.C. § 1331, as Plaintiff brings a claim under the TCPA, 47 U.S.C. § 227 *et seq.* See Mims v. Arrow Fin. Serv., LLC, 132 S.Ct. 740, 753 (2012).

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to the claims and injuries occurred in the Northern District of Georgia. Plaintiff suffered the injury in Hall County, Georgia.

## PARTIES

4. Plaintiff, Clarence Harris ("Mr. Harris" or "Plaintiff") is a natural person who resides in Hall County, Georgia. Plaintiff is also a "person" as that term is used in 47 U.S.C. § 227.

5. Defendant, Ginny's, Inc., a Wisconsin corporation ("Ginny's" or "Defendant") does business in the State of Georgia, and is a "person" under 47 U.S.C. § 227.

6. Defendant, in the conduct of its business, used one or more instrumentalities of interstate commerce or the mails, including, without limitation, electronic communication to communicate with Plaintiff.

7. The conduct of Defendant was authorized, approved and/or ratified by one or more officers, directors, or managers of Defendant, and/or they knew in advance that the Defendant was likely to conduct themselves and allowed them to so act with conscious disregard of the rights and safety of others. The agent(s) or employee(s) of Defendant acted within the course and scope of such agency or employment and acted with the consent, permission and authorization of Defendant.

## BACKGROUND

8. Beginning approximately in 2014, Mr. Harris began to receive multiple telephone calls from Ginny's to his cell phone in an attempt to collect a debt (the "Debt").

9. Mr. Harris told a representative of Ginny's that he would not make any payments on the Debt and instructed the Ginny's representative to stop calling his cell phone.

10. Nevertheless, Ginny's continued to repeatedly call Mr. Harris' cell phone in an effort to collect the Debt.

11. All calls made by Ginny's to Mr. Harris' cell phone were made by an automated telephone dialing system without Mr. Harris' consent. This was evidenced when Mr. Harris would answer his cell phone and hear either an automated voice or prerecorded message, a click, beep, or delay prior to Mr. Harris having been connected to an operator.

12. As detailed below, Defendant's conduct constitutes a violation of the TCPA.

## COUNT I

## VIOLATIONS OF THE TCPA BY GINNY'S

13. This is an action against Ginny's for violations of the TCPA, 47 U.S.C. § 227 *et seq*.

14. Plaintiff re-alleges and reincorporates paragraphs 1 through 12, as if fully set forth herein.

15. Defendant, in the conduct of its business, used an automatic telephone dialing system defined by 47 U.S.C. § 227(a)(1)(A) to communicate with Plaintiff.

4

16. Section 47 U.S.C. § 227(b)(1)(A)(iii) provides in pertinent part:

It shall be unlawful for any person within the United States --

> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone system or an artificial or prerecorded voice --
>
> > (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;

17. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by placing calls to Plaintiff's cell phone using an automatic telephone dialing system without Plaintiff's express consent.

18. Defendant willfully, knowingly, and intentionally made multiple calls to Plaintiff's cell phone phone utilizing an automatic telephone dialing system after Plaintiff told Defendant that Defendant did not have permission to call Plaintiff's cell phone.

19. All conditions precedent to this action have occurred, have been satisfied, or have been waived.

20. As a result of the above violation of the TCPA, Defendant is liable to Plaintiff for actual damages, or the amount of $500.00 as damages for each violation, whichever is greater, pursuant to the TCPA, 47 U.S.C. § 227(b)(3)(B).

21. Based upon the willful, knowing, and intentional conduct of Defendant as described above, Plaintiff is also entitled to an increase in the amount of the award to treble the damages amount available under 47 U.S.C. § 227(b)(3)(B), in accordance with 47 U.S.C. § 227(b)(3).

**WHEREFORE,** Plaintiff respectfully requests this Court enter a judgment against the Defendant: (1) finding Defendant violated the TCPA; (2) awarding Plaintiff actual damages or the amount of $500.00 in damages for each violation, whichever is greater; (3) finding Defendant willfully, knowingly, and intentionally violated the TCPA and increasing the damages award to treble the amount of damages otherwise to be entered as a judgment; and (4) awarding Plaintiff any and all such further relief as is deemed necessary and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff is entitled to and hereby respectfully demands a trial by jury. U.S. Const. Amend. 7 and Fed. R. Civ. P. 38.

Dated: June 29, 2016

                                  Respectfully Submitted,
**CENTRONE & SHRADER, PLLC**
612 W. Bay St.
Tampa, Florida 33606
Phone: (813) 360-1529
Fax:   (813) 336-0832

/s/ Sumeet Shah
**SUMEET SHAH, ESQ.**
Georgia Bar No. 122408
e-mail: sshah@centroneshrader.com
Attorney for Plaintiff

## VERIFICATION OF COMPLAINT AND CERTIFICATION
## BY PLAINTIFF, CLARENCE HARRIS

I, Clarence Harris, pursuant to 28 U.S.C. §1746, under penalties of perjury, state as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

_Clarence Harris_  
Clarence Harris

4/8/16  
Date

8